IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN W. WILSON, JR., | : |
| Petitioner, | : |
| v. | : C.A. No. 13-140-LPS |
| PERRY PHELPS, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

### MEMORANDUM

**I.      BACKGROUND**

Presently pending before the Court is Petitioner Kevin W. Wilson, Jr.'s ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Application"). (D.I. 1) Petitioner asserts that his defense counsel rendered ineffective assistance during the criminal proceedings leading to his 2001 convictions for first degree rape, second degree rape, second degree assault, and possession of a deadly weapon during the commission of a felony. Petitioner was already denied habeas relief for these same convictions on one prior occasion, when the Honorable Joseph J. Farnan, Jr., now retired, dismissed his first application as time-barred. *See Wilson v. Phelps*, 2008 WL 4372729 (D. Del. Sept. 23, 2008). Petitioner appealed that denial of his first application, and the Third Circuit Court of Appeals declined to issue a certificate of appealability. (D.I. 25 in *Wilson v. Carroll*, C.A. No. 07-567-JJF)

**II.     LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas application "in a district court without the permission of a court of appeals, the

district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

### III. DISCUSSION

The denial of Petitioner's first habeas application as time-barred constitutes an adjudication on the merits for § 2244 purposes. *See Murray v. Greiner*, 394 F.3d 78 (2d Cir. 2005). Because Petitioner asserted, or could have asserted, the instant ineffective assistance of counsel arguments in his first application, the Court concludes that the instant Application constitutes a second or successive habeas application within the meaning of 28 U.S.C. § 2244.

Petitioner does not allege, and there is no reason to conclude, that the Court of Appeals authorized the filing of the pending Application. Accordingly, the Court will dismiss the Application for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

### IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss Petitioner's Application for federal habeas relief. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2); *see also* 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: March 14, 2014

_____
UNITED STATES DISTRICT JUDGE